UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV. 6347**

-------------------------------------------------------------

JAMES V. FOLLINI, JR.,

CV NO.:

Plaintiff,

- against -

THE CITY OF NEWBURGH, NEW YORK, THE CITY OF
NEWBURGH POLICE DEPARTMENT, CITY OF
NEWBURGH POLICE OFFICER JOSEPH PALERMO,
SHIELD NUMBER 173, CITY OF NEWBURGH POLICE
OFFICER PHILLIP MUGNANO, SHIELD NUMBER 1
CITY OF NEWBURGH POLICE OFFICER THOMAS
REYNOLDS, SHIELD NUMBER 153, CITY OF NEWBURGH
POLICE OFFICER WILLIAM HINSPETER, SHIELD
NUMBER 83, and TORCHES ON THE HUDSON, LLC,

Defendants.

**COMPLAINT
WITH JURY
DEMAND**

**JUDGE KARAS**

-------------------------------------------------------------X

Plaintiff, JAMES V. FOLLINI, JR., (hereinafter "plaintiff" or

"FOLLINI"), in the above-captioned action, by his attorney, LEE DAVID KLEIN, ESQ.,

complaining of the defendants herein, does hereby complain and sets forth and alleges as

follows:

## JURISDICTION AND VENUE:

1.      This is a civil action brought pursuant to Title 42 of the United

State Code, Sections 1983 and 1985, seeking relief and/or damages to defend and protect

the rights guaranteed to the plaintiff by the Constitution and laws of the United States.

Accordingly, the jurisdiction of this Court is invoked by plaintiff pursuant to Title 28 of

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

the United States Code, Sections 1331 and 1343, federal common law and the Court's pendent jurisdiction.

2.      This Court has supplemental jurisdiction over claims relating to violations of the Constitution and laws of the State of New York, pursuant to Title 28 of the United States Code, Section 1367.

3.      The controversies in this case are justiciable, capable of disposition, and plaintiff has a personal stake in the outcome.

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is placed in this district, pursuant to 28 U.S.C. 1391, because it is where the defendants reside and where all the events complained of occurred.

## JURY DEMAND:

6.      Plaintiff demands a trial by jury on all issues, pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

## NATURE OF THE PROCEEDINGS:

7.      This is an action for compensatory and punitive damages owing to the plaintiff as a result of the acts and/or omissions of the defendants.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

2

## PARTIES:

8.    At all times hereinafter mentioned, FOLLINI was and remains a citizen of the United States of America, and a resident of the County of Orange, State of New York, residing at 17 Madison Court, Wallkill, New York, 12589.

9.    Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEWBURGH ("CITY") was and remains a municipal corporation, incorporated and operating under the laws of the State of New York and located in the County of Orange, State of New York.

10.    Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEWBURGH POLICE DEPARTMENT ("POLICE DEPARTMENT") was and remains a municipal agency operating under the laws of the State of New York, under the supervision and control of the defendant CITY, and located in the City of Newburgh, County of Orange, State of New York, at 55 Broadway, Newburgh, New York 12550.    Upon information and belief, the POLICE DEPARTMENT was and is the principal law enforcement agency for the CITY.

11.    Upon information and belief, and at all times relevant herein, defendant CITY OF NEWBURGH POLICE OFFICER JOSEPH PALERMO, SHIELD NUMBER 173, (hereinafter referred to as "POLICE OFFICER PALERMO" or "PALERMO"), was and is a citizen of the United States, and currently resides in the State of New York, with a last known business address at CITY OF NEWBURGH POLICE DEPARTMENT, located at 55 Broadway, Newburgh, New York 12550.  POLICE OFFICER PALERMO is a party to this action individually and in his capacity as an agent

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

3

of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, POLICE OFFICER PALERMO, was, upon information and belief, a Police Officer duly employed by the CITY and/or the POLICE DEPARTMENT. Additionally, at all times relevant to this action, POLICE OFFICER PALERMO was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT. POLICE OFFICER PALERMO is being sued individually and in his official capacity.

12.     Upon information and belief, and at all times relevant herein, defendant CITY OF NEWBURGH POLICE OFFICER PHILLIP MUGNANO, SHIELD NUMBER 171, (hereinafter referred to as "POLICE OFFICER MUGNANO" or "MUGNANO"), was and is a citizen of the United States, and currently resides in the State of New York, with a last known business address at CITY OF NEWBURGH POLICE DEPARTMENT, located at 55 Broadway, Newburgh, New York 12550. POLICE OFFICER MUGNANO is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, POLICE OFFICER MUGNANO, was, upon information and belief, a Police Officer duly employed by the CITY and/or the POLICE DEPARTMENT. Additionally, at all times relevant to this action, POLICE OFFICER MUGNANO was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT.     POLICE OFFICER MUGNANO is being sued individually and in his official capacity.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

4

13.    Upon information and belief, and at all times relevant herein, defendant CITY OF NEWBURGH POLICE OFFICER THOMAS REYNOLDS, SHIELD NUMBER 153, (hereinafter referred to as "POLICE OFFICER REYNOLDS" or "REYNOLDS"), was and is a citizen of the United States, and currently resides in the State of New York, with a last known business address at CITY OF NEWBURGH POLICE DEPARTMENT, located at 55 Broadway, Newburgh, New York 12550. POLICE OFFICER REYNOLDS is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, POLICE OFFICER REYNOLDS, was, upon information and belief, a Police Officer duly employed by the CITY and/or the POLICE DEPARTMENT. Additionally, at all times relevant to this action, POLICE OFFICER REYNOLDS was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT.    POLICE OFFICER REYNOLDS is being sued individually and in his official capacity.

14.    Upon information and belief, and at all times relevant herein, defendant CITY OF NEWBURGH POLICE OFFICER WILLIAM HINSPETER, SHIELD NUMBER 83, (hereinafter referred to as "POLICE OFFICER HINSPETER" or "HINSPETER"), was and is a citizen of the United States, and currently resides in the State of New York, with a last known business address at CITY OF NEWBURGH POLICE DEPARTMENT, located at 55 Broadway, Newburgh, New York 12550. POLICE OFFICER HINSPETER is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

5

action, POLICE OFFICER HINSPETER, was, upon information and belief, a Police

Officer duly employed by the CITY and/or the POLICE DEPARTMENT. Additionally,

at all times relevant to this action, POLICE OFFICER HINSPETER was acting and/or

holding himself out as acting within the scope of his employment with the CITY and/or

the POLICE DEPARTMENT.    POLICE OFFICER HINSPETER is being sued

individually and in his official capacity.

15.    Upon information and belief, and at all times hereinafter

mentioned, defendant TORCHES ON THE HUDSON, LLC, (hereinafter "TORCHES"),

was and remains a limited liability company, organized and existing under the laws of the

State of New York, with an office address located at 1089 Little Britain Road, New

Windsor, New York 12533, and an operational business location located at 120 Front

Street, City of Newburgh, County of Orange, State of New York, at which location

TORCHES owns and operates a restaurant, bar, and nightclub known as TORCHES ON

THE HUDSON, open to the public for dining, dancing, and the consumption of alcoholic

and non-alcoholic beverage.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

6

## RIGHTS:

16.    Plaintiff has a right to be free from illegal seizures of his person; a right to be free from unlawful and false arrest, detention, and imprisonment; a right to be free of the use of excessive force and assault and battery against his person by individuals acting under color of State Law; a right to be free from malicious prosecution against him of unfounded criminal charges; a right to be free of any conspiracy to deprive him of these rights; and a right to equal protection of the laws; all civil rights secured to plaintiff by the Fourth and Fourteenth Amendments of the Constitution of the United States and by Title 42 of the United States Code, Sections 1983 and 1985, as well as the Constitution and laws of the State of New York.

## DUTIES:

17.    Upon information and belief, at all times hereinafter mentioned, defendant POLICE DEPARTMENT had and still has full power and authority to provide initial and ongoing training, and to supervise and control the conduct and action of police officers employed by it and/or defendant CITY, in the exercise of police functions.

18.    Upon information and belief, at all times hereinafter mentioned, it was and remains the duty and special duty of the defendant POLICE DEPARTMENT, owed to plaintiff, to monitor, supervise, and control the conduct and actions of the aforesaid police officers employed by it and/or defendant CITY, in the exercise of police functions.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

7

19.    Upon information and belief, at all times hereinafter mentioned, defendant CITY had and still has full power and authority to provide initial and ongoing training and to supervise and control the conduct and action of police officers employed by it and/or defendant POLICE DEPARTMENT, in the exercise of police functions.

20.    Upon information and belief, at all times hereinafter mentioned, it was and remains the duty and special duty of the defendant CITY, owed to plaintiff, to monitor, supervise and control the conduct and actions of the aforesaid police officers employed by it and/or defendant POLICE DEPARTMENT, in the exercise of police functions.

21.    Upon information and belief, at all times hereinafter mentioned, it was and remains the duty of defendants PALERMO, MUGNANO, REYNOLDS, and HINSPETER, owed to plaintiff, to carry out their official police duties in a manner that is consistent with the Constitution and laws of New York State and the United States of America.

22.    Upon information and belief, at all times hereinafter mentioned, it was and remains the duty of defendants TORCHES that its patrons are able to enjoy the use of its premises and operation for legitimate purposes and to maintain a safe and secure environment for such patrons at all times.

23.    Upon information and belief, at all times hereinafter mentioned, it was and remains the duty of defendant TORCHES to properly screen candidates for employment, to provide initial and ongoing training, to supervise and control the conduct and actions of its employees, and to monitor the execution of their duties as employees.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

8

24.    Further, upon information and belief, at all times hereinafter mentioned, it was and remains the duty of defendant TORCHES in the exercise of its duty to maintain a safe and secure environment for its patrons, to require that its employees take measures pertaining to security and safety that are reasonably related to such duty, and that are not excessive and violative of the legal rights of patrons of TORCHES.

25.    At all times relevant herein, it is alleged that all defendants breached these duties they owed to plaintiff.

## ALLEGATIONS:

26.    Plaintiff FOLLINI and his girlfriend, GA'LONDA CURRIE ("CURRIE"), were lawful patrons present inside the premises of TORCHES, at 120 Front Street, Newburgh, New York, in the evening hours of Saturday, July 21, 2007, going into the early morning hours of Sunday, July 22, 2007..

27.    FOLLINI and CURRIE decided to leave TORCHES in the early morning hours of Sunday, July 22, 2007.  They exited the main entrance of TORCHES, on Front Street, in order to take a taxi cab to their home.

28.    FOLLINI and CURRIE were confronted by NEWBURGH CITY POLICE OFFICERS PALERMO, MUGNANO, REYNOLDS, and HINSPETER, one (1) or more of whom alleged that FOLLINI had engaged in domestic violence toward CURRIE. The OFFICERS separated the parties, with one (1) of the OFFICERS directing CURRIE to walk with him away from where the other three (3) OFFICERS continued to confront FOLLINI.  CURRIE advised the OFFICER who was with her that there was no

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

problem. FOLLINI advised the OFFICERS who were confronting him that there was no problem. The OFFICERS with FOLLINI became aggressive toward him, with one (1) OFFICER in particular repeatedly pushing him and threatening to arrest him. FOLLINI told the OFFICERS that he did not do anything wrong. CURRIE advised the OFFICER with her repeatedly that there were no problems and that there was no need for them to intervene with FOLLINI. FOLLINI was pushed to the ground by one (1) or more of the POLICE OFFICERS present, and the OFFICERS engaged in violent and excessive force in efforts to restrain and handcuff him. With FOLLINI on his stomach, one (1) OFFICER repeatedly administered a taser to FOLLINI's back, buttocks, and legs. FOLLINI experienced extreme shock and pain and emotional anguish with each administration of the taser directly to his body, with each administration causing him to convulse and lose control, thereby losing the ability to follow the orders being yelled at him by one (1) or more of the OFFICERS. One (1) or more of the OFFICERS became increasingly angry as he was unable to respond to their directives, which inability was occasioned by the repeated application of the taser. FOLLINI was struck repeatedly and restrained in a very painful manner on his body by one (1) or more of the OFFICERS and an employee of TORCHES. One (1) of the OFFICERS administered pepper spray directly to FOLLINI's face, so that the pepper spray entered his eyes and mouth.

      29.    FOLLINI was handcuffed by one (1) or more of the OFFICERS, with his hands behind his back, placed inside a marked CITY OF NEWBURGH POLICE DEPARTMENT vehicle, and taken to the CITY OF NEWBURGH POLICE DEPARTMENT headquarters at 55 Broadway, City of Newburgh, County of Orange,

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

State of New York. All the foregoing took place in front of TORCHES, in the presence of numerous persons, patrons of TORCHES, as well as in the presence of FOLLINI's girlfriend, CURRIE.

30. FOLLINI was placed and detained in a holding cell, required to submit to the arrest and booking process, including fingerprinting and photographing. He was held in such holding cell and not allowed to make any telephone calls until approximately 5:00 a.m. He was not released until approximately 9:00 a.m.

31. FOLLINI was released on his own recognizance and issued an appearance ticket by one (1) or more of the defendant OFFICERS, a copy of which is attached as Exhibit A, requiring him to appear in Court on July 27, 2007, at 9:00 a.m.

32. FOLLINI was charged with the following offenses by OFFICER REYNOLDS, and misdemeanor Complaints were issued for each such charge, copies of which are annexed hereto as Exhibit B: obstruction of governmental administration in the second degree, New York State Penal Law Section 195.05, a Class A misdemeanor; resisting arrest, New York State Penal Law Section 205.30, a Class A misdemeanor; disorderly conduct, New York Penal Law Section 240.20(6), a violation; and disorderly conduct, New York State Penal Law Section 240.20(1), a violation.

33. FOLLINI appeared for arraignment in Newburgh City Court on July 27, 2007, and was required to appear in such Court on numerous occasions thereafter.

34. Plaintiff was required to retain the services of an attorney in connection with such charges. FOLLINI was also required to expend funds for the

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

11

payment of fees for service of process of Judicial Subpoenas and Judicial Subpoenas Duces Tecum, in connection with which FOLLINI incurred damages resulting from such legal fees and expenses.

35.    FOLLINI waived his right to a jury trial, and the matter proceeded to a non-jury trial before the Hon. B. Harold Ramsey, Newburgh City Court Judge.

36.    A bench trial was held on the following dates: February 7, 2008, February 21, 2008, March 17, 2008, and April 15, 2008.

37.    The bench trial resulted in a verdict of not guilty on all charges, pursuant to Decision and Order, dated May 5, 2008, a copy of which is annexed hereto as Exhibit C. The Court determined that the testimony of the prosecution witnesses "was at best, inconsistent, and often contradictory."

38.    As a result of the actions of the OFFICERS and an employee of TORCHES, FOLLINI sustained personal injury to both eyes, his left ankle, his left wrist, and to his face, back, buttocks, and legs.

39.    Additionally, FOLLINI has sustained semi-permanent or permanent injuries to his left eye as a result of the administration of pepper spray directly into his face by one (1) of the OFFICERS.

40.    As a result of the foregoing injuries sustained by FOLLINI, he has had to seek medical treatment and incur expenses associated with the same. He has also sustained the physical pain associated with such injuries, as well as the emotional anguish associated with the semi-permanent or permanent injury to his left eye.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
———
TEL: (845) 454-9200

12

41.    At all times mentioned in this Complaint, defendants PALERMO, MUGNANO, REYNOLDS, and HINSPETER, and the employee of TORCHES were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs and usages of the United States, the State of New York, and the CITY OF NEWBURGH.

42.    Plaintiff was humiliated and embarrassed in front of his girlfriend and publicly.

43.    FOLLINI was falsely arrested and detained, without probable cause, without his consent.

44.    FOLLINI was falsely arrested and detained in the absence of a warrant, without his consent.

45.    FOLLIN's person was illegally seized, without his consent.

46.    Plaintiff was falsely imprisoned, in that he was held in custody with his hands in handcuffs behind his back in the back seat of a marked police vehicle and detained in a holding cell at the POLICE DEPARTMENT, prior to be allowed to return to his home.

47.    Plaintiff was subjected to verbal abuse and intimidation and physical abuse and the application of excessive force and assault and battery by the defendant POLICE OFFICERS and the employee of TORCHES.

48.    Plaintiff was subjected to the malicious prosecution against him of unfounded criminal charges and legal process, which terminated in his favor.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

13

49.     Due to the actions of the defendants, plaintiff suffered physical, emotional, and financial injury.

50.     As a result of the acts of the defendants, and the breaches of the duties owed to the plaintiff by the defendants, plaintiff was subjected to unlawful harassment and intimidation; unlawful detention and false and unlawful arrest; unlawful and false placement in handcuffs in the back seat of a marked police patrol vehicle; false imprisonment; malicious prosecution; embarrassment and humiliation before his girlfriend, public humiliation; and plaintiff suffered violations of his civil rights under New York State and Federal Law and the New York State and United States Constitutions.

51.     Plaintiff was required to incur legal expenses in order to properly and adequately defend against these false charges.

52.     Notice of plaintiff's claims against defendants CITY and POLICE DEPARTMENT, setting forth the nature of the claims, the description of the time, place and manner in which the injuries were sustained by the plaintiff and the name and post office address of the plaintiff and of his attorney, was presented to the governing body of said defendants on or about October 15, 2007.

53.     The Notice of Claim was filed within the statutory time period for the filing of said Notice of Claim, provided by New York State General Municipal Law.

54.     At least thirty (30) days have elapsed since service of such Notice of Claim without payment or adjustment of such claim and adjustment or payment thereof has been rejected or refused.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

14

## CAUSES OF ACTION:

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:

55.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 54, as if set forth at length herein.

56.    The acts of defendants described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of plaintiff's civil rights under the Fourth and Fourteenth Amendments of the Constitution and in contravention of the letter and spirit of 42 U.S.C. Sections 1983 and 1985, and defendant POLICE OFFICERS conspired to deprive plaintiff of such rights.

57.    As a result of these acts, plaintiff has suffered great emotional trauma, physical discomfort and injury and impairment, embarrassment; was deprived of his liberty; his personal reputation was impaired; was forced to retain counsel at monetary expense to represent him in criminal proceedings stemming from his illegal arrest; and was required to employ and did employ the undersigned attorney to prosecute this action, thereby becoming obligated to pay said attorney a reasonable fee for their services in connection with and in furtherance of this action arising out of the conduct of the defendants.

58.    By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

15

## AS AND FOR A SECOND CAUSE OF
## ACTION AGAINST ALL DEFENDANTS:

59.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 58, as if set forth at length herein.

60.    In doing the acts and things complained of, defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive plaintiff of civil rights guaranteed to him under the Fourth and Fourteenth Amendments of the Constitution and in contravention of the letter and spirit of 42 U.S.C. Sections 1983 and 1985.

61.    As a direct consequence and result of the acts of defendants hereinabove complained of, plaintiff was deprived of his liberty; denied due process of law; and denied equal protection of the law; suffered much anxiety and distress, discomfort, embarrassment and humiliation, and physical injury and impairment; was required to spend substantial sums of money for legal representation and other expenses associated with legal proceedings defending himself against criminal charges arising from defendants' illegal acts against him.

62.    By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANTS CITY AND POLICE DEPARTMENT:

63.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 62, as if set forth at length herein.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

64.    Upon information and belief, at all relevant times, the CITY and/or the POLICE DEPARTMENT, negligently and/or intentionally acted under color of state law, engaged in a pattern and practice of acts and omissions and/or sanctioned a pattern and practice of actions and/or conduct and/or omissions by its officers designed to and/or which had the effect of depriving individuals of their clear rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

65.    Upon information and belief, at all relevant times, the CITY and/or the POLICE DEPARTMENT, negligently and/or intentionally failed to properly train and/or supervise their law enforcement agents as to the appropriate and reasonable methods for identifying the commissions of acts sufficient to justify legal arrest and/or effectuation of legal and reasonable arrests.

66.    Upon information and belief, at all relevant times, the CITY and/or the POLICE DEPARTMENT, negligently and/or intentionally acted under color of state law, engaged in a pattern and practice and/or sanctioned a pattern and practice of actions and/or conduct by its officers designed to and/or which had the effect of depriving individuals of their clear rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

67.    Upon information and belief, at all relevant times, the CITY and/or the POLICE DEPARTMENT, negligently and/or intentionally failed to properly train and/or supervise their law enforcement agents as to the appropriate and reasonable methods for identifying the commissions of acts sufficient to justify legal arrests and/or effectuation of legal and reasonable arrests.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

17

68.    Based upon the foregoing, one and/or more of the above municipalities are vicariously liable for the violations of plaintiff's constitutional rights by one and/or more of its/their respective employees.

69.    Based upon the foregoing, one or more of the above-named defendants violated 42 U.S.C. Section 1983, given that these actions were undertaken under color of state law.

70.    That as a direct result of the unconstitutional acts described above, the plaintiff has been injured, and hereby demands damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION, AGAINST PALERMO, MUGNANO, REYNOLDS, and HINSPETER, FOR FALSE ARREST AND IMPRISONMENT:

71.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 70, as if set forth at length herein.

72.    Defendants PALERMO, MUGNANO, REYNOLDS, and HINSPETER, used criminal process against plaintiff in order to harass him and in order to cover up their own wrongdoing and to avoid civil liability for their own acts relating to intimidating the plaintiff, and wrongfully taking him into custody by force without warrant or probable cause that any crime had been committed.

73.    Said defendants falsely arrested and falsely imprisoned plaintiff.

74.    As a result of this malicious abuse of process, false arrest, and false imprisonment, plaintiff suffered the damages as aforesaid.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

18

75.    By reason of the foregoing, plaintiff seeks an award damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST PALERMO, MUGNANO, REYNOLDS, and
### HINSPETER, FOR MALICIOUS PROSECUTION:

76.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 75, as if set forth at length herein.

77.    Defendants PALERMO, MUGNANO, REYNOLDS, and HINSPETER, used criminal process against plaintiff in order to harass him and in order to cover up their own wrongdoing and to avoid civil liability for their own acts relating to intimidating the plaintiff, and wrongfully taking him into custody by force without warrant or probable cause that any crime had been committed.

78.    Said defendants maliciously prosecuted the plaintiff with false and unfounded criminal charges, resulting in the plaintiff having to submit to the mandate of the Newburgh City Court, appear repeatedly to face such charges, undertake a full defense against those charges in the form of a trial, which resulted in a termination of all charges against the plaintiff in a favorable manner.

79.    As a result of this malicious abuse of process and malicious prosecution, plaintiff suffered the damages as aforesaid.

80.    By reason of the foregoing, plaintiff seeks an award damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
———
TEL: (845) 454-9200

19

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST PALERMO, MUGNANO, REYNOLDS,
## HINSPETER AND TORCHES, FOR ASSAULT AND BATTERY:

81.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 80, as if set forth at length herein.

82.     By reason of their use of excessive physical force against FOLLINI, defendants PALERMO, MUGNANO, REYNOLDS, HINSPETER, and an employee of TORCHES committed an assault and battery against the person and upon the person of FOLLINI, causing him to sustain injuries physical and emotional, by which FOLLINI sustained the personal injuries as aforesaid.

83.     That the excessive force employed against the person and upon the person of FOLLINI by the OFFICERS and the employee of TORCHES was excessive and malicious and beyond the scope of that which was reasonably necessary to restrain FOLLINI.

84.     The verbal and physical altercations resulting in FOLLINI's being taken into custody through the use of such excessive force was initiated in fact by one (1) or more of the POLICE OFFICERS, and the escalation of the use of force against and upon the person of FOLLINI and executed  by the defendant OFFICERS and the employee of TORCHES was malicious and egregious and completely unnecessary and in violation of rights and constituted an assault and battery.

85.     As a result of said use of excessive force against and upon the person of FOLLINI, FOLLINI sustained the injuries in violation of his rights as aforesaid.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

20

86.    By reason of the foregoing, plaintiff is entitled to an award damages in of the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A SEVENTH CAUSE OF ACTION, AGAINST DEFENDANTS PALERMO, MUGNANO, REYNOLDS, HINSPETER, AND TORCHES FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

87.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 86, as if set forth at length herein.

88.    Defendants    PALERMO,    MUGNANO, REYNOLDS, HINSPETER, and TORCHES intentionally engaged in behavior that harassed and intimidated the plaintiff, and the OFFICER defendants falsely detained, arrested, and charged the plaintiff maliciously and in a manner that was extreme, outrageous, unjustified, and done with actual malice and wanton indifference to and deliberate disregard for the civil rights of plaintiff, causing plaintiff to suffer physical and emotional distress for which said defendants are individually liable.

89.    By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

21

## AS AND FOR AN EIGHTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

90.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 89, as if set forth at length herein.

91.    The above-named defendants, through gross negligence, negligence and carelessness, caused plaintiff to be wrongfully detained, assaulted and battered, and detained.  This conduct resulted in unreasonable physical and emotional harm to the plaintiff.

92.    Upon information and belief, the defendants, CITY and/or the POLICE DEPARTMENT  and TORCHES knew or should have known that the defendants, OFFICER PALERMO, MUGNANO, REYNOLDS,  HINSPETER, and an employee of TORCHES were wrongfully detaining and using excessive force against the plaintiff, yet they failed to act.

93.    This conduct on the part of the defendants constitutes negligent infliction of emotional distress.

94.    By reason of the foregoing, plaintiff is entitled to an award of damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

22

## AS AND FOR A NINTH CAUSE OF ACTION,
## AGAINST DEFENDANTS CITY AND POLICE DEPARTMENT
## PURSUANT TO THE DOCTRINE OF RESPONDEAT SUPERIOR:

95.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 94, as if set forth at length herein.

96.     At all times relevant hereto, defendants PALERMO, MUGNANO, REYNOLDS, and HINSPETER, were acting within the scope of their employment as officers of POLICE DEPARTMENT and CITY.

97.     The defendants CITY and POLICE DEPARTMENT are liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of defendants PALERMO, MUGNANO, REYNOLDS, and HINSPETER, committed within the scope of their employment.

98.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A TENTH CAUSE OF ACTION, AGAINST
## DEFENDANTS CITY AND POLICE DEPARTMENT, FOR NEGLIGENCE:

99.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 98, as if set forth at length herein.

100.    Defendant CITY and POLICE DEPARTMENT owed plaintiff a duty to properly and adequately train, monitor, supervisor and otherwise control their police officers in the exercise of police functions.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

101.    Defendants CITY and POLICE DEPARTMENT failed to provide proper and adequate training, supervision, and control of defendants PALERMO, MUGNANO, REYNOLDS,  and HINSPETER, which failure constitutes negligence.

102.    As a result of the said negligence of CITY and POLICE DEPARTMENT, plaintiff sustained the injuries and violations of his rights as aforesaid.

103.    Said negligence constituted a wilful and wanton indifference and deliberate disregard for the rights of private citizens, including plaintiff.

104.    By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT TORCHES , FOR NEGLIGENCE:

105.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 104, as if set forth at length herein.

106.    Defendant TORCHES owed FOLLINI a duty to utilize care in the hiring, training, monitoring, supervision, and control of their employees in the exercise of their functions within and upon the premises of TORCHES.

107.    Defendant TORCHES failed to properly screen for hiring, train, supervise, monitor, and control its employees in such a manner as to ensure that no employee would engage in the use of physical force or aggression without justification or need against individuals patronizing the business establishment and managed by TORCHES.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

24

108.    Such negligence on the part of defendant TORCHES resulted in the injuries and violation of rights as aforesaid sustained by the plaintiff.

109.    Said negligence constituted a wilful and wanton indifference and deliberate disregard for the rights of private citizens, including the plaintiff.

110.    By reason of the foregoing, plaintiff is entitled to an award of damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).


## AS AND FOR A TWELFTH CAUSE OF ACTION FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS:

111.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 110, as if set forth at length herein.

112.    The acts, conduct and behavior of the defendants, and each of them, were performed knowingly, intentionally, maliciously, and conspiratorially, and were so egregious as to shock the conscience.

113.    By reason of the foregoing, plaintiff is entitled to an award of punitive damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00).


## AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR ATTORNEYS' FEES AGAINST ALL DEFENDANTS:

114.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 113, as if set forth at length herein.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

25

115.   By reason of the foregoing, plaintiff is entitled to an award of reasonable attorneys' fees, pursuant to 42 U.S.C. Section 1988.

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

a.   On the First Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

b.   On the Second Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

c.   On the Third Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

d.   On the Fourth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

e.   On the Fifth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

f.   On the Sixth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

g.   On the Seventh Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

h.   On the Eighth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

i.      On the Ninth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

j.      On the Tenth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00); and,

k.      On the Eleventh Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

l.      On the Twelfth Cause of Action, the sum of FIVE MILLION DOLLARS ($5,000,000.00);

m.      On the Thirteenth Cause of Action, reasonable attorneys' fees;

n.      Costs and disbursements; and,

o.      Such other and further relief as to this Court seems just and proper in the premises.

Dated: Poughkeepsie, New York
       July 14, 2008

Lee David Klein, Esq. (LDK 2270)
Attorneys for Plaintiff
11 Market Street, Suite 204
Poughkeepsie, NY 12601
845-454-9200

LEE DAVID KLEIN, ESQ.
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
⎯⎯
TEL: (845) 454-9200

27

OFFICIAL RECEIPT

# CITY OF NEWBURGH
# POLICE DEPARTMENT
### NEWBURGH, NEW YORK



July 22 2007

Received from JAMES FOLLINI

Address 11 MADISON COURT

City & State WALLKILL NY 12589

| AMOUNT $ 1201 | ☐ Cash |
| | ☐ Check |
| | ☐ Money Order |

☐ Parking Ticket #

☑ Deposit For Appearance In City Court

On July 27, 2007 At 9:00 ☑ AM / ☐ PM

Violation PL 195.05, PL 205.30, 240.20, PL 240.26

☐ Photocopy Of Report

☐ Late Notice Payment

☐ Towing Charge - TOWED BY

☐ Other

**FAILURE TO COMPLY WITH THE DIRECTIONS OF THE APPEARANCE TICKET OR APPEARANCE DATE ON THIS RECEIPT MAY RESULT IN FORFEITURE OF BAIL AND/OR A WARRANT BEING ISSUED FOR YOUR ARREST.**

No. 36386          COLLECTING OFFICER

Newburgh City Court
City Of Newburgh
County Of Orange, New York

Information/Complaint
(sec. 100.05 – 100.50 CPL)

The People Of The State Of New York
vs.

FOLLINI JAMES  (01/09/76 )DOB

17 MADISON COURT WALLKILL NEW YORK 12589

Complaint# *LCN070722024493*

} ss

I, T. REYNOLDS, the Complainant herein, am a police officer of the State Of New York, to wit, a(n) police officer of the City Of Newburgh, New York Police Department, Newburgh, New York.

I accuse Follini James the Defendant in this action and charge that on or about the 22nd day of July, 2007, at 120 FRONT STREET in the City Of Newburgh, County of Orange, New York at about 03:32 o'clock in the forenoon the defendant did intentionally and unlawfully commit the class A misdemeanor of **OBSTRUCTING GOVERNMENTAL ADMINISTRATION 2ND** contrary to the provisions of section **195.05** of the Penal Law of the State Of New York.

A person is guilty of obstructing governmental administration in the second degree when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television, or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.

The defendant, FOLLINI JAMES, at 120 FRONT STREET in the City Of Newburgh, County Of Orange, New York on or about 07/22/07 at 03:32 AM, did intentionally and unlawfully obstruct, impair or prevent the administration of law or other governmental function or attempt to prevent a public servant, namely T. REYNOLDS, from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television, or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration; in that The above stated defendant was in the area of the stated location and was in engaged in the verbal fight with his girl friend. The defendant was advised by police to disperse the area and refused to do so. Said defendant did use physical force after Officers began to place him to police custody. Said action consisted of refusing to place his hand behind is back and attempting to pull away from Officers. This information is based on the deponent's direct involvement into this incident.

☐  Wherefore I request that a warrant be issued for the arrest of the defendant.
Note: False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law.

Complainant

**POLICE DEPARTMENT**
CITY OF NEWBURGH
55 BROADWAY
NEWBURGH, N.Y. 12550-5698

PL195.05 011301

Newburgh City Court
City Of Newburgh
County Of Orange, New York

Information/Complaint
(sec. 100.05 – 100.50 CPL)

The People Of The State Of New York

vs.

FOLLINI, JAMES   (01/09/76 )DOB

17 MADISON COURT WALLKILL NEW YORK 12589

} ss

complaint# *LCN*070722024493

I, T. REYNOLDS, the Complainant herein, am a police officer of the State Of New York, to wit, a(n) police officer of the City Of Newburgh, New York Police Department, Newburgh, New York.

I accuse **FOLLINI, JAMES**, the Defendant in this action and charge that on or about the 22nd day of July, 2007, at 120 FRONT STREET in the City Of Newburgh, County of Orange, New York at about 03:32 o'clock in the forenoon the Defendant did intentionally and unlawfully commit the class A misdemeanor of **RESISTING ARREST** contrary to the provisions of section **205.30** of the Penal Law of the State Of New York.

A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.

TO WIT: the above-named defendant, at the above-listed date and time, did intentionally prevent, or attempted to prevent your deponent, a police officer, from affecting the authorized arrest of himself, herself, or another person. Defendant did resist an authorized arrest by:  Said defendant did use physical force after Officers began to place him to police custody. Said action consisted of refusing to place his hand behind is back and attempting to pull away from Officers.

The arrest of Defendant for the violation/crime of Disorderly Conduct, Penal Law Article 240.20, subdivision (1) (6), was authorized in that The above stated defendant was in the area of the stated location and was in engaged in the verbal fight with his girl friend. The defendant was advised by police to disperse the area and refused to do so. Said defendant did use physical force after Officers began to place him to police custody.

The facts on which this accusation are based upon (check one)
☒ deponent's personal knowledge;
☐ information and belief, the source(s) of that knowledge being the facts contained
on the attached Supporting Deposition(s) of:

☐  Wherefore I request that a warrant be issued for the arrest of the defendant.

Note: False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law.

Affirmed under penalties of perjury
This          day of          ,

Deponent

RECEIVED
NEWBURGH CITY COURT
2007 JUL 25  AN 8: 10

**POLICE DEPARTMENT**
**CITY OF NEWBURGH**
55 BROADWAY
NEWBURGH, N.Y. 12550-5698

PL205.30 121203

Newburgh City Court
City Of Newburgh
County Of Orange, New York

Information/Complaint
(sec. 100.05 – 100.50 CPL)

The People Of The State Of New York
vs.
FOLLINI JAMES    (01/09/76 )DOB

17 MADISON COURT WALLKIL NEW YORK 12589

} ss

complaint# *LCN*070722024493

I, T. REYNOLDS, the Complainant herein, am a police officer of the State Of New York, to wit, a(n) police officer of the City Of Newburgh, New York Police Department, Newburgh, New York.

I accuse Follini   JAMES, the Defendant in this action and charge that on or about the 22nd day of July, 2007, at 120 FRONT STREET in the City Of Newburgh, County of Orange, New York at about 03:32 o'clock in the forenoon the Defendant did intentionally and unlawfully commit the violation of **DISORDERLY CONDUCT** contrary to the provisions of section 240.20 subdivision 06 of the Penal Law of the State Of New York.

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof (6) he congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.

The defendant, MADISON JAMES, at 120 FRONT STREET in the City Of Newburgh, County Of Orange, New York on or about 07/22/07 at 03:32 AM, did intentionally cause public inconvenience, annoyance or alarm , or recklessly create a risk thereof; in that the defendant did congregate with other persons in a public place and refuse to comply with a lawful order of the police to disperse by The above stated defendant was in the area of the stated location and was in engaged in the verbal fight with his girl friend. The defendant was advised by police to disperse the area and refused to do so. Said action did cause a public inconvenience as said action took place on a public sidewalk. This information is based on the deponent's direct involvement into this incident.

☐ Wherefore I request that a warrant be issued for the arrest of the defendant.
Note: False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law.

_____
Complainant

POLICE DEPARTMENT
CITY OF NEWBURGH
55 BROADWAY
NEWBURGH, N.Y. 12550-5698

PL240.20.06 012200

Newburgh City Court
City Of Newburgh
County Of Orange, New York

Information/Complaint
(sec. 100.05 – 100.50 CPL)

The People Of The State Of New York
vs.
FOLLINI, JAMES   (01/09/76 )DOB

17 MADISON COURT WALLKILL NEW YORK 12589

} ss

complaint# *LCN*070722024493

I, T. REYNOLDS, the Complainant herein, am a police officer of the State Of New York, to wit, a(n) police officer of the City Of Newburgh, New York Police Department, Newburgh, New York.

I accuse **FOLLINI, JAMES**, the Defendant in this action and charge that on or about the 22nd day of July, 2007, at 120 FRONT STREET in the City Of Newburgh, County of Orange, New York at about 03:32 o'clock in the forenoon the Defendant did intentionally and unlawfully commit the violation of **DISORDERLY CONDUCT** contrary to the provisions of section 240.20 subdivision 01 of the Penal Law of the State Of New York.

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof (1) he engages in fighting or in violent, tumultuous or threatening behavior.

The defendant, FOLLINI JAMES, at 120 FRONT STREET in the City Of Newburgh, County Of Orange, New York on or about 07/22/07 at 03:32 AM, did intentionally cause public inconvenience, annoyance or alarm , or recklessly create a risk thereof; in that the defendant did engage in fighting or in violent, tumultuous or threatening behavior by The above stated defendant was in the area of the stated location and was in engaged in the verbal fight with his girl friend. The defendant was advised by police to leave the area .At this time he refused to do so and began to act in a violent and tumultuous manner. Said defendant came face to face with Officers and began using his chest to bump Officer in a threatening manner. This information is based on the deponent's direct involvement into this incident.

☐   Wherefore I request that a warrant be issued for the arrest of the defendant.
Note: False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law.

_____
Complainant

RECEIVED
NEWBURGH CITY COURT
2007 JUL 25   AM 8:18

**POLICE DEPARTMENT**
**CITY OF NEWBURGH**
**55 BROADWAY**
**NEWBURGH, N.Y. 12550-5698**

PL240.20.01 051000

CITY COURT: CITY OF NEWBURGH
COUNTY OF ORANGE: STATE OF NEW YORK
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

　　　　　　　　　　　　　　　　　　　　　　　　　　DECISION AND ORDER

-against-

　　　　　　　　　　　　　　　　　　　　　　　　　　DOCKET NO.: 07-02713

JAMES FOLLINI,
　　　　　　　Defendant.
-----------------------------------------------------------------X

HON. B. HAROLD RAMSEY

　　　On July 22, 2007, at approximately 3:30 am, the defendant was charged with Obstruction

of Governmental Administration in violation of Section 195.05 of the Penal Law of the State of

New York, Resisting Arrest, in violation of Section 205.30 of the Penal Law of the State of New

York, Disorderly Conduct, in violation of Section 240.01(01) of the Penal Law of the State of

New York, and Disorderly Conduct, in violation of Section 240.20(06) of the Penal Law of the

State of New York. On November 19, 2007, the defendant waived his right to a jury trial. On

February 7, 2008, February 21, 2008, March 17, 2008, and April 15, 2008 a bench trial was held.

　　　The People presented five witnesses, Officer Phillip Mugnano of the City of Newburgh

Police Department, Officer Joseph Palermo of the City of Newburgh Police Department, Damien

Brady, manager of Torches Bar and Restaurant, Derrick Arthur, security employee of Torches

Bar and Restaurant, and Officer Thomas Reynolds of the City of Newburgh Police Department.

The defense presented four witnesses, Galonda Currie, Officer William Hinespeter of the City of

Newburgh Police Department, James Follini, the defendant, and Gregory Nacerino.

　　　The testimony presented by the People was at best, inconsistent, and often contradictory.

Based on the evidence presented and the testimony at trial, the People have not proven guilt

1

beyond a reasonable doubt to support a conviction for any of the charges filed against the

defendant. Therefore, it is

ORDERED, that the defendant is found not guilty of all charges herein.

Dated: May 5, 2008
Newburgh, NY

HON. B. HAROLD RAMSEY
City Court Judge

TO:     Orange County District Attorney

David Lee Klein
Attorney for Defendant

2